UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NAVARRE L.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. 3:24-CV-5008-DWC<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his application for supplemental security income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence for of 42 U.S.C. § 405(g) for further proceedings, including a *de novo* hearing before a new Administrative Law Judge (ALJ).

I.　BACKGROUND

Plaintiff filed an application for SSI on March 13, 2015. Administrative Record (AR) 212–21. After his application was denied initially and on reconsideration, a hearing was held

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 1

before ALJ Allen Erickson in May 2015. AR 44–108. In November 2017, ALJ Erickson issued a decision finding Plaintiff not disabled. AR 23–43. In December 2019, U.S. Magistrate Judge Theresa Fricke reversed ALJ Erickson's decision. AR 983–98. On remand, ALJ Erickson held a new hearing in December 2020 (AR 911–951) and issued another unfavorable decision in January 2021 (AR 878–910).

Plaintiff appealed ALJ Erickson's second decision to this Court (AR 2108–09) and U.S. Magistrate Judge Brian Tsuchida issued a decision reversing ALJ Erickson's second decision in January 2022 (AR 2110–22). Plaintiff raised several issues on appeal, including an Appointments Clause challenge to ALJ Erickson's appointment. *See* AR 2119. Before 2018, Social Security Administration ALJs, like ALJ Erickson, were appointed in the same manner as the ALJs whose appointments were invalidated in *Lucia v. SEC*, 138 S. Ct. 2044 (2018). *See Carr v. Saul*, 141 S. Ct. 1353, 1362 (2021). ALJ Erickson was improperly appointed at the time of his first decision, but not at the time of his second decision. AR 2119–20. But because *Lucia* entitled a claimant to a new hearing before a constitutionally appointed official, Judge Tsuchida found "ALJ Erickson's subsequent and proper appointment in 2018 did not . . . cure the first decision's constitutional defect." *Id.* For that reason, Judge Tsuchida reversed the decision and ordered that "another ALJ must hold [a] new hearing and adjudicate Plaintiff's application." AR 2121.

However, Judge Tsuchida also considered Plaintiff's remaining arguments, deciding all of them in Commissioner's favor: he found ALJ Erickson did not err in evaluating six medical opinions, Plaintiff's subjective testimony, and several lay witness statements. *See* AR 2113–19.

On remand, ALJ David Johnson held a hearing on August 9, 2023. AR 2043–74. He issued a decision finding Plaintiff not disabled on September 6, 2023. AR 2002–42. Plaintiff

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

failed to file exceptions with the Appeals Council, making the ALJ's decision the Commissioner's final decision subject to judicial review. *See* 20 C.F.R. § 416.1484(a). Plaintiff filed a Complaint in this Court on January 4, 2024. Dkt. 6.

## II.  STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if and only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.  DISCUSSION

Plaintiff raises several points of error and requests the Court remand the case for an award of benefits or, in the alternative, for a new hearing before a different ALJ. *See id.* at 18–19.

Plaintiff argues the ALJ erred in evaluating the following evidence: his subjective symptom testimony; the statements of several lay witnesses (including his mother, father, and a friend); and the medical opinions of Dr. Carla Van Dam, Dr. Terilee Wingate, Dr. Arthur Tolentino, Dr. Jan Lewis, Dr. Irmgard E. Friedburg, and Cephus Childs, MS. *See generally* Dkt. 13. In his January 2022 decision, Judge Tsuchida found ALJ Erickson's second decision adequately assessed this same evidence. *See* AR 2113–19. ALJ Johnson's decision repeated—verbatim or almost verbatim—the analysis of this evidence from ALJ Erickson's second decision.[1] Defendant argues Plaintiff is precluded from challenging ALJ Johnson's assessment of

---

[1] ALJ Johnson repeated verbatim ALJ Erickson's assessments of the medical opinions of Drs. Van Dam, Wingate, and Tolentino (*compare* AR 895–97 *with* AR 2024–25) and Mr. Childs (*compare* AR 897 *with* AR 2026). All but the final sentence of ALJ Johnson's analysis of Drs. Lewis and Friedburg's opinions was repeated verbatim from ALJ Erickson's assessments of the same. *Compare* AR 895 (from "they were able to review the record available at the time" to "he also has friends and he was able to play with others doing semi-pro football") *with* AR 2023. ALJ

1  this evidence under the law of the case doctrine. Dkt. 15 at 2. Defendant raises no other argument

2  defending the ALJ's assessment of this evidence. *See id.*

3     "[T]he law of the case doctrine . . . appl[ies] to social security administrative remands

4  from federal court in the same way [it] would apply to any other case." *Stacy v. Colvin*, 825 F.3d

5  563, 566 (9th Cir. 2016). It "generally prohibits a court from considering an issue that has

6  already been decided by that same court." *Id.* (citation omitted). But "the law of the case doctrine

7  gives no preclusive effect to dicta." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.3d

8  703, 716 (9th Cir. 1990) (citing *Ducey v. U.S.*, 830 F.2d 1071, 1072 (9th Cir. 1987)).

9  "Application of the doctrine is discretionary." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067

10 (9th Cir. 2012).

11    The Court declines to apply the law of the case doctrine here. Judge Tsuchida's decision

12 directed Commissioner to appoint a new ALJ in the matter who was to conduct a *de novo*

13 hearing. AR 2122. Had Judge Tsuchida concluded any of the evidence in the case had been

14 improperly assessed, the same mandate would still have been justified given the appointments

15 clause defect in ALJ Erickson's second decision. *See* AR 2120–21. As such, Judge Tuschida's

16 determinations with respect to this evidence was dicta and the law of the case gives no preclusive

17 effect to such findings. *See Milgard Tempering, Inc.*, 902 F.3d at 716.

18    The law of the case doctrine does not apply to the challenged assessments of evidence

19 described above. Defendant raises no other argument defending the ALJ's rationale with respect

20 to those assessments and, thus, the Court finds ALJ has conceded any further reasons for

---

Johnson repeated ALJ Erickson's assessment of the lay witness statements, except that he added a single sentence describing Plaintiff's father's statement, added three additional sentences analyzing the statement, and made a few non-substantive modifications (like changing "in light of the longitudinal record, which shows" to "the longitudinal record shows"). *Compare* AR 897–98 *with* AR 2026–27. Finally, most of ALJ Johnson's assessment of Plaintiff subjective testimony from before the 2023 hearing repeats nearly verbatim ALJ Erickson's assessment of the same. *Compare* AR 891–93 *with* AR 2015–17.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

upholding the ALJ's decision. Accordingly, the Court finds this matter should be reversed. Plaintiff also argues the ALJ erred in evaluating the medical opinions of state consultants Drs. Anderson and Harrison. *See generally* Dkt. 13. Having found the ALJ committed reversible error, the Court need not consider these arguments.

Plaintiff requests the Court remand for an award of benefits. Dkt. 13 at 18–19. Such a remedy is inappropriate where "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). Such doubts are present here, as a previous decision of this Court upheld all challenged substantive elements of a decision adverse to Plaintiff. *See* AR 2113–19.

Plaintiff requests this Court remand for a new hearing before a different ALJ because ALJ Johnson "repeat[ed] verbatim much of the analysis from ALJ's Erickson's reversed and vacated decision." Dkt. 13 at 19. Defendant does not reply to this request. *See* Dkt. 15.

The Court agrees such a measure is warranted. ALJ Erickson's first decision was issued before he was properly appointed; as Judge Tsuchida found, ALJ Erickson's second decision was therefore tainted by his first. *See* AR 2120; *Lucia*, 138 S. Ct. at 2055 ("Judge Elliot has already both heard Lucia's case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before."). "Claimants are entitled to an independent decision issued by a different ALJ if a timely challenged ALJ decision is 'tainted' by" an improperly appointed ALJ's decision. *Cody v. Kijakazi*, 48 F.4th 956, 963 (9th Cir. 2022). "If a new ALJ could rely entirely on—or even give deference to—the prior ALJ's analysis," such a remedy would not adequately cure the taint of the appointments clause violation. *See Jennifer H. v. Comm'r of Soc. Sec.*, 2023 WL 6571418 at *2 (W.D. Wa. 2023). Because ALJ Johnson's decision was tainted by ALJ Erickson's already-tainted decision—as it copied, nearly verbatim,

significant, material parts of it—this matter must be remanded so that a new ALJ can reconsider it without reliance upon or deference to the prior decisions tainted by the initial appointments clause violation in this case.

## IV.  CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a *de novo* hearing before an ALJ that has not previously considered this matter.

Dated this 15th day of July, 2024.

*David W. Christel*
David W. Christel
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6